*841 OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment and/or order reversing the fair hearing decision of December 22, 1986 rendered by the New York State Department of Social Services against the petitioner, on the ground that it is arbitrary and capricious, and for a further order requiring the Essex County Department of Social Services to provide AFDC benefits to the petitioner without requiring her to execute a lien on her real property.
Petitioner and her three minor children had been recipients of public assistance under the Aid to Dependent Children (AFDC) program from October of 1983. They had been living in a mobile home owned by petitioner on real property owned by petitioner in the Town of Ticonderoga, Essex County, New York. The property was given to petitioner by her grandmother in 1978. The real property has a fair market value of $500-$750 according to an appraisal of the property obtained by the petitioner.
On June 13, 1986, the Essex County Department of Social Services requested petitioner to execute a lien on her real property. Petitioner subsequently, on June 16, 1986, refused to execute the lien on her property, stating on the telephone that she would starve to death before she would execute a lien on her property. Petitioner was advised that her refusal to execute the lien would result in reducing her AFDC benefits by removing her needs from the AFDC grant but that her children would continue to receive their portion of the AFDC benefits, and further that petitioner’s action would be referred to Family Court for action against her on the basis of nonsupport of her children. The petitioner then commenced a fair hearing proceeding on November 19, 1986. On December 22, 1986 the respondent New York State Department of Social Services rendered its decision which found that the fact that the petitioner’s property may have a market value of less than $1,000 does not preclude the local agency from requesting the petitioner to execute a deed or mortgage with respect thereto and that based upon the petitioner’s expressed refusal to sign the requested document, the local agency’s determination to delete her needs from the grant on that basis is correct and must be affirmed.
Petitioner commenced the instant article 78 proceeding contending that 18 NYCRR 352.23 requires that an applicant *842 or recipient of AFDC utilize resources which are available to the applicant or recipient to reduce the need for AFDC benefits, but provides at 352.23 (b) that real and personal property which are not in excess of $1,000 equity value can be reserved for the benefit of the public assistance household. That the value of her property was less than $1,000 and that the determination of the respondent was therefore unlawful, arbitrary and capricious.
This court must agree with the contentions of the petitioner. The broad humanitarian purpose of the Social Services Law does not contemplate that a person must be stripped bare, emotionally and economically, of the small sums of trivial value before applying for public assistance. Thus, it would be absurd and cruel, and therefore unintended by statute or regulation to consider family heirlooms of nominal value as available resources which must be mortgaged or deeded before public assistance will be made available. Any statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose.
The property herein is a small plot of land valued at less than $1,000, given to petitioner by her grandmother in 1978. It has been in the petitioner’s family for years and has a sentimental value. It should be reserved for petitioner’s benefit pursuant to 18 NYCRR 352.23 (b). The decision of the respondent is reversed. The petition is granted.